**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GARY CALHOUN,

        Petitioner,

   v.

DAVID CLOSE, *Superintendent*; DISTRICT
ATTORNEY OF CAMBRIA COUNTY; and
ATTORNEY GENERAL OF THE STATE
OF PENNSYLVANIA,

        Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 25-169-J

District Judge W. Scott Hardy
Magistrate Judge Maureen P. Kelly

**<u>MEMORANDUM ORDER</u>**

      This matter comes before the Court after Petitioner Gary Calhoun ("Petitioner") declined

to file objections to the Report and Recommendation ("R&R") (Docket No. 8) entered by United

States Magistrate Judge Maureen P. Kelly on July 11, 2025.  The R&R recommends that

Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State

Custody (the "Petition") (Docket No. 6) be dismissed for lack of subject matter jurisdiction, and

that a certificate of appealability be denied.  (Docket No. 8 at 1, 3).  Service of the R&R was made

on Petitioner via U.S. Mail.  (*Id.* at 3-4 and Docket text entry).  The R&R and Docket text entry

informed the parties that objections to same were due by July 28, 2025.  (*Id.* at 3 and Docket text

entry).  Thereafter, no party filed any objections to the R&R.

      The Federal Rules of Civil Procedure provide that a party may file specific written

objections to the proposed findings and recommendations of a magistrate judge, and a district

judge must conduct a *de novo* review of any part of the R&R that has been properly objected to.

*See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1).  Here, however, because Petitioner did

not file any objections to the R&R – which explicitly stated, "Failure to timely file objections will

waive the right to appeal" – we review the magistrate judge's decision for plain error.  (Docket

1

No. 8 at 3).  *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b), Advisory Committee's Note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Kelly's recommendation.  Accordingly, the Court will adopt the R&R as the Opinion of the Court and will dismiss the Petition for lack of subject matter jurisdiction.  In so ruling, the Court agrees with Judge Kelly's conclusion that Petitioner seeks habeas relief from the same criminal conviction in the present matter that he attacked in his prior habeas petition filed in *Calhoun v. Smith et al.*, No. 17-25-J (W.D. Pa. *filed* Feb. 27, 2017), and that, as such, the present Petition is a second or successive petition under the meaning of the statute.  (Docket No. 8 at 2).  The Court further agrees with Judge Kelly that, as Petitioner provides no indication that he has been granted leave to file a second or successive petition by the Third Circuit, this Court lacks subject matter jurisdiction to address the claims raised by Petitioner in his Petition.  (*Id.* at 2-3).  Furthermore, the Court agrees with Judge Kelly's recommendation that a certificate of appealability should be denied here, as jurists of reason would not find it debatable whether this Court has jurisdiction to proceed with this case.  (*Id.* at 3).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 21st day of May, 2026,

IT IS HEREBY ORDERED that the Report and Recommendation (Docket No. 8) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that Petitioner Gary Calhoun's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Docket No. 6) is DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED because jurists of reason would not find it debatable whether this Court has jurisdiction to proceed with this case.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Petitioner wishes to appeal from this Order he must file a notice of appeal within 30 days, as provided in Rule 3 of the Federal Rules of Appellate Procedure, with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Petitioner is referred to Rule 22 of the Federal Rules of Appellate Procedure and to 3d Cir. L.A.R. 22.1 for the timing requirements for applying for a certificate of appealability from the Court of Appeals (available at https://www2.ca3.uscourts.gov/legacyfiles/2011_LAR_Final.pdf).

The Clerk of Court shall mark this case closed.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  The Honorable Maureen P. Kelly
Gary Calhoun (via U.S. Mail)